Filed 6/11/26  P. v. Bowman CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B347271 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA155871) |
| v. | |
| KURT FREDERICK BOWMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Lisa B. Lench, Judge.  Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant Kurt Frederick Bowman appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  We affirm.

# II.    BACKGROUND

## A.    *Murder Charge*

On December 11, 1997, the Los Angeles County District Attorney filed an amended information charging defendant in count 1 with the murder of Gurinder Anand.[2]  Among other allegations, the District Attorney alleged, as to count 1, that defendant personally used a firearm in the commission of the offense within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5, subdivision (a).  (*People v. Bowman* (May 30, 2024, B330448) [nonpub. opn.].)

At trial, the prosecution introduced evidence that on November 2, 1996, defendant, Jason Flowers, and two other men visited a witness, J.S., at J.S.'s home.  Defendant and Flowers advised J.S. that they planned to rob Jene's market and invited J.S. to join in the robbery, but J.S. declined.  While in the home,

---

[1]    All further statutory references are to the Penal Code.

[2]    In the same amended information, the District Attorney charged defendant, in count 2, with the attempted murder of Dalian Robinson; in count 3, with being a felon in possession of a firearm on December 18, 1996; and, in count 4, with a second degree robbery that occurred on March 3, 1996.

defendant showed J.S. a gun, which was the only gun that J.S. saw during the visit.

At 7:45 p.m. that same evening, defendant, Flowers, and one other man entered Jene's market, and one of the robbers announced, "'This is a robbery. Nobody move.'" During the course of the robbery, defendant shot Anand three times in the chest. Anand died from his injuries. Two of the three robbers then ran out of the store. One of the robbers was initially unable to escape because Anand's father held onto the robber's leg. When that robber cried out for help, one of the robbers returned to the store and shot Anand's father in the leg, which enabled the third robber to escape. A couple of days after the robbery, as defendant drove J.S. by Jene's market, defendant said "I killed that [racial slur]." Then, each time defendant and J.S. passed by the market, defendant bragged, "'I killed him.'"

B. *Verdict and Sentence*

On December 11, 1997, the jury found defendant guilty of the first degree murder of Anand as charged in count 1 and found true the allegation that, in the commission of the murder, defendant personally used a firearm within the meaning of section 12022.5, subdivision (a). The trial court sentenced defendant on count 1 to a term of 51 years and four months to life.[3]

---

[3] The jury found defendant not guilty of the attempted murder of Robinson, as charged in count 2, but found him guilty of the lesser included offense of assault with a firearm and found true the allegation that defendant personally used a firearm in the commission of that offense. The jury also found defendant

3

On direct appeal from the judgment, a different panel of this court modified defendant's sentence, custody credits, and fines, but otherwise affirmed the judgment.

### III.   PROCEDURAL BACKGROUND

On December 15, 2022, defendant filed a petition for resentencing under section 1172.6 alleging, among other things, that he was not the actual killer, did not, with the intent to kill, aid or abet the actual killer in the commission of the murder, and was not a major participant in the felony or did not act with reckless indifference to human life in the commission of the crime or felony.  The trial court appointed counsel to represent defendant and ordered the prosecutor to file a response to the petition.

Following the prosecution's response and defendant's reply, the trial court held a hearing on May 10, 2023, and denied the petition, without issuing an order to show cause, on the grounds that "there is no basis on which this jury could have found ... defendant guilty other than by finding that he was the actual killer."

On May 30, 2024, a prior panel of this court reversed the order denying the petition, stating "[b]ecause the instructions when read as a whole, and in light of the prosecutor's explanation of them [during closing argument], did not unambiguously direct the jury to return a unanimous finding that defendant was the actual killer or acted with the intent to kill, we cannot on this

---

guilty of being a felon in possession of a firearm as charged in count 3, and of second degree robbery, as charged in count 4.

4

record conclude that defendant was ineligible as a matter of law for relief under section 1172.6."

After the remittitur issued, the trial court, on September 9, 2024, issued an order to show cause.

On June 24, 2025, the trial court conducted an evidentiary hearing on defendant's petition. The prosecution elected to proceed on the prior trial record. Defendant conceded that the court could rely on the trial transcripts. He argued, however, that the record did not prove, beyond a reasonable doubt, that he "was the one who definitively pulled the trigger and shot Mr. Anand." Following argument by the parties, the court found that "there was sufficient evidence to establish beyond a reasonable doubt that [defendant] was either the actual killer, which I think there was sufficient evidence to demonstrate, or the person at the front of the store who shot the firearm at the father who was clearly a major participant who acted with reckless indifference to human life. So under either theory of being the actual killer or being a major participant who acted with reckless indifference to human life, I believe there [was] sufficient evidence to prove beyond a reasonable doubt that … defendant is guilty of this crime." The court denied the petition.

Defendant timely appealed, and we appointed counsel to represent him.

On December 31, 2025, appointed counsel on appeal filed an opening brief stating that she had not identified any arguable issues and requesting that we independently review those portions of the record necessary to resolve any such arguments pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.

5

On January 6, 2026, defendant filed a "**SUPPLEMENTAL NOTICE OF THRESHOLD RECORD DEFECT**"[4].

On April 1, 2026, plaintiff sought to file a second supplemental brief. We will allow the filing.

On April 10, 2026, defendant filed a request to withdraw his earlier supplemental brief and to file a new supplemental brief. We now grant that request and address the arguments in defendant's April 10, 2026, brief.

## IV. DISCUSSION

In his brief, defendant contends the record did not support the trial court's findings. He argues that because no eyewitness identified him as the person who fired the fatal shot, witness accounts were uncertain, there was no firearm recovered, the prosecution did not present DNA or fingerprint evidence, and the roles of each participant were not clearly defined, the court could not find that defendant was an actual killer, acted with the intent to kill, or was a major participant who acted with reckless indifference. We disagree.

At a section 1172.6 evidentiary hearing, "the prosecution bears the burden of proving 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under [the] law as amended by Senate Bill [No.] 1437. (§ 1172.6, subd. (d)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 709.) "[A] trial court's denial of a section 1172.6 petition is reviewed for

---

[4] On March 26, 2026, plaintiff sought to file a "supplemental notice and request for order regarding adequacy of the appellate record." We allow the filing but deny the requested relief as the record is adequate for review.

substantial evidence.  [Citation.]  Under this standard, we review the record ""in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."" [Citation.]" (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)

The evidence, viewed in the light most favorable to the trial court's judgment, was sufficient to demonstrate that defendant was the actual killer.  Indeed, defendant showed J.S. a gun prior to the robbery, told him that he and Flowers intended to rob Jene's market, and admitted to J.S., at least twice after the robbery, that he was the killer.

## V.    DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


BAKER, Acting P. J.


MOOR, J.